# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2021

Lyle W. Cayce
Clerk

No. 20-10271

Family Rehabilitation, Incorporated, doing business as Family Care Texas, doing business as Angels Care Home Health,

*Plaintiff—Appellee*,

*versus*

Xavier Becerra, Secretary, U.S. Department of Health and Human Services; Seema Verma, Acting Administrator for the Centers for Medicare and Medicaid Services,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-454

---

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:

Under the Medicare program, the Department of Health and Human Services ("HHS") can recoup overpayments made to a health care provider. 42 U.S.C. § 1395ddd. A provider can challenge an HHS overpayment determination by pursuing four steps of administrative review, followed by review in federal district court. 42 U.S.C. § 1395ff. The first two steps, 42

No. 20-10271

U.S.C. § 1395ff(a)–(c), and the fourth step, 42 C.F.R. § 405.1100 (2017), involve paper hearings, while the third step can include an in-person hearing with the opportunity to have oral testimony and cross-examination, 42 C.F.R.§ 405.1036(c)–(d).   The Medicare statute allows HHS to recoup overpayments after the second step of review, and a provider who is successful at a later stage of review can seek repayment at that time.   42 C.F.R. § 405.379(d)(4)–(5).

Family Rehabilitation ("Family Rehab") is currently facing an impending recoupment after two steps of administrative review.   Due to significant delays in third step review, Family Rehab brought a procedural due process claim, arguing that it is entitled to third step review before recoupment, because in-person cross-examination and testimony are critical to the resolution of its claim.

The district court granted summary judgment in favor of Family Rehab, and entered a permanent injunction barring HHS from recouping the disputed funds until the completion of third step review.

In reaching this decision, the district court did not have the benefit of this court's decision in *Sahara Health Care Inc. v. Azar*, 975 F.3d 523 (5th Cir. 2020), in which we rejected a similar due process claim under nearly identical facts. *Id.* at 525.   We accordingly reverse.

We apply *de novo* review to a grant of summary judgment, using the same standards as the district court.   *See*, *e.g.*, *Petro Harvester Operating Co. v. Keith*, 954 F.3d 686, 691 (5th Cir. 2020).   We review permanent injunctions for abuse of discretion, but any issue of law underlying that decision is reviewed *de novo*.   *See*, *e.g.*, *BNSF Ry. Co. v. Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers – Transp. Div.*, 973 F.3d 326, 333–34 (5th Cir. 2020).

In *Sahara*, this court found it dispositive that the healthcare provider could not explain why "steps one and two, standing alone, fail to satisfy the

2

constitutional requirement." 975 F.3d at 531. The benefit of an in-person hearing during the third step of review is to allow the decisionmaker to make credibility determinations through the consideration of testimony and cross examination. But the provider in *Sahara* conceded that a third step "hearing [would] not develop the factual record." *Id.* The provider there could "not explain how the possibility of cross-examination at the hearing would benefit it." *Id.*

So too here. Family Rehab's claims all involve documentation issues that do not require cross-examination and credibility determinations.

During oral argument, counsel for Family Rehab claimed that third step review is required because HHS is contesting the medical judgments of the doctors. But counsel's claim is flatly contradicted by the record. Each contested overpayment claim in this case involves documentation issues—such as the failure to certify patients as "homebound," the lack of descriptions of clinical findings, the lack of Start of Care Certifications, and the lack of contemporaneous signatures—not objections to the substantive medical judgments of doctors. Accordingly, Family Rehab's claims could have been resolved in the first two steps of administrative review by producing the relevant documents. Third step review "does not allow a provider to supplement the record" beyond the submission of oral testimony and the making of credibility determinations—neither of which are necessary to resolve documentation issues. *Id.* at 532.

As in *Sahara*, Family Rehab "has already received two meaningful opportunities to be heard." *Id.* at 530. If Family Rehab wishes, it can escalate the review process to the fourth step or to a federal district court, instead of waiting for third step review. *Id.* at 531–33.

We reverse.