# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2022

Lyle W. Cayce
Clerk

No. 21-20064

Adams EMS, Incorporated,

*Plaintiff—Appellant*,

*versus*

Xavier Becerra, *Secretary, U.S. Department of Health and Human Services*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:18-CV-1443

Before Jones, Haynes, and Costa, *Circuit Judges*.

Per Curiam:*

The Department of Health and Human Services sought to recoup a $413,035 overpayment to Medicare provider Adams EMS. Adams, believing the government's overpayment determination was based on improper sampling and extrapolation methods, contested the recoupment effort

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

through two levels of administrative review. That review reduced the overpayment amount to $401,661. Adams continued to appeal administratively and received a live hearing before an Administrative Law Judge. Because of a large administrative backlog, the ALJ has not yet ruled on Adams's appeal.

Adams asserts that HHS violated its due process rights by seeking to recoup the disputed funds without the benefit of the ALJ's decision. We have already held that the first two levels of administrative review generally provide the "meaningful opportunities to be heard" that the Due Process Clause requires. *Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 530 (5th Cir. 2020). Absent a showing that "steps one and two, standing alone, fail to satisfy the constitutional requirement," Adams is not entitled to additional predeprivation process. *See id.* at 531. To Adams, the value of an ALJ hearing is the opportunity to present the live testimony of a statistical expert. Indeed, "[t]he benefit of an in-person hearing during the third step of review is to allow the decisionmaker to make credibility determinations." *Family Rehab., Inc. v. Becerra*, 16 F.4th 1202, 1204 (5th Cir 2021). But given that the dispute here is only about extrapolation methods (Adams does not dispute that the reviewed claims were all overpayments), credibility is not at issue. *Med-Cert Home Care, L.L.C. v. Becerra*, 19 F.4th 828, 830 (5th Cir. 2021) (holding that a live hearing was not required when provider sought a predeprivation ALJ hearing to present expert witnesses because the case did not turn on witness credibility). Adams's due process argument is foreclosed.

Also foreclosed is Adams's argument that the agency lacked statutory authority to recoup the contested overpayment. *See Sahara Health*, 975 F.3d at 533–34.

We thus AFFIRM.